PERCY E. MAW *vs.* MABEL H. FAY, administratrix.

Suffolk.    January 15, 1924. — April 8, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Contract*, Construction, Performance and breach. *Damages*, For breach of contract.

A customer of a stockbroker gave him an order to buy certain shares of stock on the " twenty per cent partial payment plan " at a fixed figure and paid him a certain initial amount called for by the plan. Two days later he was told that the stock could not be bought at the price named. He then gave orders to buy at a higher price and made an additional payment to cover the terms of the contract. The stock then was bought at the higher price. About ten days later the plaintiff received a letter and statement requiring a larger initial payment than that which had been made and, upon conference, was told at the office of the defendant that the defendant had made a change in the initial requirements and that he would have to fulfil the new requirements or

the contract would be cancelled. The plaintiff refused to make the additional payment and was notified that the defendant had cancelled the contract. A few days later he ordered the defendant to sell the shares at a price fixed. The quotation of the market on the day that order was given was higher than the price stated in the plaintiff's order of purchase. The defendant sent to the plaintiff the amount which he had paid as an initial payment, which the plaintiff retained, though protesting that he held it subject to the order of the defendant. There was no evidence of an agreement by the defendant to carry the stock for the plaintiff, excepting such as might be inferred from the fact that the stock was bought for the plaintiff on a " partial payment plan." *Held*, that

(1) The plaintiff's order and the defendant's acceptance did not operate to transfer the title of the stock to the plaintiff when purchased by the defendant; but it contemplated that the stock should be held by the defendant for delivery and passing of title when full payment had been made;

(2) No obligation rested upon the defendant other than to be ready to transfer the stock upon the payment of the agreed price;

(3) The plaintiff was not entitled to damages determined by the value of the stock in the market when he ordered it to be sold.

At the hearing of a report by the judge of a municipal court of an action of contract, an Appellate Division made the following order: " The plaintiff is given leave to amend his declaration, and to file a remittitur, abating all damages in excess of $132.50, within ten days of the entry of this decision, and thereupon the report is ordered to be dismissed; otherwise judgment is ordered for the defendant." The plaintiff appealed from the order. In this court the contentions of the plaintiff were overruled and it was *held*, that as the plaintiff neither had amended his declaration nor had filed a remittitur within the time given to do so, it followed in accordance with the order of the Appellate Division that judgment should be entered for the defendant.

CONTRACT against the administratrix of the estate of Temple H. Fay, formerly doing business as a stockbroker under the name and style of Temple H. Fay & Co., upon a declaration described in the opinion. Writ in the Municipal Court of the City of Boston dated December 10, 1920.

Material evidence at the trial in the Municipal Court is described in the opinion. The defendant requested that the trial judge rule that the plaintiff was not entitled to recover upon either the first or the second count of the declaration, was " not entitled to recover damages based on the value of the stock on November 24, 1920," and that the plaintiff had " not proved a contract binding the defendant to carry the stock for any specified time in consideration of the

initial payment." The judge denied the requests for rulings, found for the plaintiff and assessed damages in the sum of $207.50. On November 1, 1921, the case was reported to the Appellate Division on the terms described in the opinion. The Appellate Division on June 27, 1922, entered the order described in the opinion. The plaintiff appealed.

The case was submitted on briefs.

*E. C. Barringer,* for the plaintiff.

*E. E. Elder,* for the defendant.

PIERCE, J. This is an appeal from an order of the Appellate Division of the Municipal Court of the City of Boston that " The plaintiff is given leave to amend his declaration, and to file a remittitur, abating all damages in excess of $132.50, within ten days of the entry of this decision, and thereupon the report is ordered to be dismissed; otherwise judgment is ordered for the defendant."

The declaration is in two counts: the first, in substance, alleges that on November 5, 1920, the plaintiff entered into an agreement with the defendant whereby the defendant agreed to purchase for the plaintiff one thousand shares of stock " at twenty-two cents per share the same to be paid for by the plaintiff on the basis of twenty per centum down, according to the defendant's so called partial payment plan, plus the usual broker's commission, and that the plaintiff paid the said defendant . . . the said twenty per centum plus said commission and in all respects complied with the terms and requirements of the defendant at the time of entering into said agreement; . . . that said defendant purchased said one thousand shares of . . . stock at said twenty-two cents per share, . . . and that . . . on or about the 24th day of November, 1920, the plaintiff ordered and instructed said defendant to sell said . . . stock at fifty cents per share and that said . . . [stock] reached a figure on or about November 25th, 1920, in excess of said fifty cents per share; and the plaintiff . . . demanded of the defendant the profits between the purchase price of twenty-two cents per share and the sale price of fifty cents per share minus the defendant's broker's commission, but the defendant refused to so pay said plaintiff and still refuses so

to do." The second count is on an account annexed to recover $260 and interest after demand; and is for the same cause of action as count one.

The answer of the defendant to each count is a general denial, and an allegation of payment; and a special answer, in substance, that the purchase on the defendant's account of the said shares " was conditional upon the compliance by the plaintiff with the requirement of fifty per cent initial payment and thereafter . . . on or about the 15th day of November, 1920, the defendant notified the plaintiff in writing to forward balance of the initial payment, being the sum of $67.50, but that the plaintiff did not within a reasonable time thereafter, or at any time thereafter, pay said balance to the defendant, and that on or about the 17th day of November the defendant, not having received from the plaintiff the balance of the initial payment . . . cancelled the transaction with the plaintiff, and thereafter . . . on or about the 6th day of December, 1920, returned to the plaintiff through his attorney, the sum of $52.50 received by the defendant from the plaintiff on or about the 5th day of November, 1920." At the close of the evidence before the judge of the Municipal Court the defendant requested rulings that upon the evidence the plaintiff is not entitled to recover upon count 1 of his declaration; that upon all the evidence the plaintiff is not entitled to recover on count 2 of his declaration; that the plaintiff is not entitled to recover damages based on the value of the stock on November 24, 1920; and that the plaintiff has not proved a contract binding the defendant to carry the stock for any specified time in consideration of the initial payment. The judge denied the requests, found for the plaintiff, and assessed the damages in the amount of $207.50, which is the full amount claimed by the plaintiff after deducting $52.50 which had been paid back to the plaintiff. At the request of the defendant the judge made a report to the Appellate Division, with the provision " If the Appellate Division is of the opinion that the plaintiff is entitled to recover and that damages should be assessed upon the basis of the difference between the price at which the plaintiff ordered

the stock to be purchased and at which the defendant purchased the stock, viz.; twenty-two cents, and the price at which the stock could have been purchased at the time plaintiff received notice of cancellation from the defendant, it is stipulated (subject to the right of either party to appeal from the decision of the Appellate Division upon the question of law involved) that the price at which the stock could have been purchased upon the date which the plaintiff received notice of cancellation and for two days subsequent thereto was thirty cents per share."

The evidence offered in proof of the plaintiff's declaration is, in substance, that after some preliminary negotiations on November 3, 1920, the plaintiff gave an order to the defendant to buy for him one thousand shares of stock " on the twenty per cent partial payment plan " at eighteen cents, and paid the defendant $46; and on November 5, he was told at the office of the defendant that the stock could not be bought for eighteen cents; that he then gave an order to purchase at twenty-two cents a share and paid the defendant $6.50 additional; that the stock was bought by the defendant for twenty-two cents pursuant to the plaintiff's direction. The commission charged was $10, making a total charge by the defendant to the plaintiff of $230, — against which there was a credit of $52.50, the money paid on account of the order. On November 16, 1920, the plaintiff received a letter and statement from the defendant, dated November 15, 1920; the statement showed an initial charge of fifty cents as against the contract charge of twenty-two cents. On November 16, 1920, the plaintiff saw the order clerk at the office of the defendant and was told " they had changed the required initial payment the day he bought it, but she did not know it at the time the order was taken . . . [that] he would have to pay fifty per cent, or they would cancel the contract." The plaintiff objected, and the order clerk said, " I will see Mr. Fay." She went out and came back and said, " You have got to pay fifty per cent or we will cancel the contract." The plaintiff did not pay the additional amount required, and on November 18 received a letter from the defendant stating that he had can-

celled the contract.   On November 24, 1920, the plaintiff ordered the defendant to sell one thousand shares at fifty cents; and there was evidence that the stock sold in the market on that day sold as high as fifty-eight cents.   On December 6, 1920, the defendant sent the plaintiff $52.50 in cash, which the plaintiff retained though protesting that he held it subject to the order of the defendant.   The declaration contains no allegation that the defendant agreed to carry the stock for the plaintiff and there was no evidence of such an agreement other than as may be inferred from the fact that the stock was bought for the plaintiff on a " partial payment plan."

The declaration and the reported evidence do not allege or support a claim that the defendant agreed to sell the stock bought on the plaintiff's order when directed so to do by the plaintiff; nor that. he agreed to use due diligence and skill in attempting to do so; nor that he would pay the plaintiff the profit upon receiving a " sell order " if the stock should reach a certain figure, irrespective of whether the stock should be sold by the defendant at that figure.   The contention of the plaintiff now presented is that the contract with the defendant was a specific and definite contract which could not be altered, amended or cancelled at any time without the plaintiff's consent; and that at all events it was binding on both parties until December 5, 1920, which was one month subsequent to the date of purchase by the plaintiff; and that the defendant's failure to hold the stock for the full five months is the real breach of this contract, not his refusal to go on with the contract as stated in his letter of November 17, 1920.

It is plain the order and its acceptance did not operate to transfer the title of the stock to the plaintiff when purchased.   It manifestly did contemplate that the stock should be bought and held by the defendant for the delivery and passing of title when full payment had been made, at the expiration of five months or before that time if the plaintiff chose to anticipate the expiration of his credit by a present complete payment.   No obligation rested upon the defendant other than to be ready to transfer the stock

upon a payment of the agreed price. On the foregoing facts it is plain there are no exceptional circumstances or agreements which would compel the defendant to carry the stock during the credit period, unless the plaintiff should elect to order its sale before the expiration of credit. There is nothing in the facts to prevent the repudiation of the contract by either party during such period, the repudiator becoming liable for the actual loss at the time of the breach. And there is no room for the contention of the plaintiff that he is entitled to damages determined by the value of the stock in the market when it was ordered to be sold. *Hall* v. *Paine,* 224 Mass. 62, and cases collected.

As the plaintiff has neither amended his declaration nor filed a remittitur within the time given to do so, it follows that judgment is to be entered for the defendant.

*So ordered.*