335 So.2d 341 (1976)
LAKE REGION PARADISE ISLAND, INC., Appellant,
v.
Harold GRAVISS, Appellee.
No. 75-1070.
District Court of Appeal of Florida, Second District.
July 16, 1976.
Gordon & Maney, Tampa, and Summerlin & Connor, Winter Haven, for appellant.
Mel R. Martinez of Billings, Frederick, Wooten & Honeywell, Orlando, for appellee.
McNULTY, Chief Judge.
Defendant/appellant Lake Region appeals an order granting appellee's motion for a new trial on the issue of damages only. We affirm but for reasons other than those assigned by the trial judge.
*342 Plaintiff/appellee Graviss entered into an employment contract with appellant to manage the mobile home park owned by appellant. In addition to other terms of employment, the contract provided that as of a certain date in the future, and at a price computable from an expressed formula, Graviss could purchase ten percent interest in the mobile home park. Appellant refused to convey the ten percent interest when called upon and this action ensued.
Graviss alleged the default on the part of Lake Region and Lake Region defended on the grounds that the employment contract was indeed breached by Graviss. The jury found for Graviss on the issue of liability and assessed certain damages which Graviss contended below, and contends here, were too low for the reason that the jury patently misconstrued the evidence and the instructions of the court. The trial judge agreed and the order appealed from was entered.
No assault is made here on the jury's verdict with respect to liability, so we are only concerned with the matter of damages. At trial, it was apparent that a critical question was going to be whether the claimed damages were to be computed as of the date of the breach or as of the date of trial. Accordingly, the defendant Lake Region presented witness Irwin, an expert appraiser, who testified as to the "net equity value" of ten percent of its stock (i.e., ten percent of the value of the trailer park) as of the date of the breach. On cross-examination, Graviss brought out from the expert the "net equity value" of the stock as of the date of trial. "Net equity value" was defined by the expert as:
"... an economic term that is really the measure of difference between what something is worth and what it costs. So net equity value ... is a concept where you find what an item would be worth, market value, deduct the cost of creating that item or acquiring that item, and net equity value is what is left. You might think of it as your profit... ."
The trial judge ultimately charged the jury that the measure of damages should computed as of the date of trial; and it is patent from a colloquy between the foreman of the jury and the court, which occurred during the jury's deliberations when they returned to the courtroom for additional instructions, and from the verdict itself, that the jury relied entirely on the testimony of Lake Region's expert Irwin. In awarding the new trial on the issue of damages the trial court was of the view that the jury undercomputed the amount of damages in that, in the light of the expert's testimony as to "net equity value," they must have deducted the cost of acquisition of the subject stock twice.
In any case, the amount actually found by the jury was far in excess of the amount testified to by the expert as having been the "net equity value" of the subject stock on the date of the breach. So, since we think the trial court fatally erred in charging the jury that the critical computation date was as of the time of trial rather than as of the date of the breach, we must affirm the granting of a new trial on the issue of damages but for this latter reason.
While there are exceptions, damages for breach of contract are generally to be measured as of the date of the breach,[1] with interest to the date of trial. Under such a rule, fluctuations in value of the matter or thing contracted for after breach do not affect the recovery allowed,[2] the object of the rule being to place the plaintiff in the same position he would have been in had the contract been performed on the date fixed therein for performance.[3] It isn't unfair to deny audience to a plaintiff who would, if the property increased in value, claim entitlement to the better position now, the time of trial, on the grounds that that's where he'd be had the vendor *343 performed then, the time of the breach. Whether he would not have "sold off" is too speculative and self-serving to be a viable criterion; and, certainly, if the property decreased in value, he'd be claiming damages as of the time of the breach. The rule is sound, fair and practical. Exceptions to it are not applicable under the facts here.[4]
We comment, now, on the question of what course should be followed when we find ourselves in the unusual posture of agreeing that there should be a new trial on damages but disagreeing with the reasons given by the court below for having the new trial. Former § 59.07(4), Fla. Stat., provided that no grounds other than those specified by the trial judge could be argued upon an appeal from an order granting a new trial. Even though this statute was repealed in 1971, our sister court in Osteen v. Seaboard Coast Line Railroad Company[5] concluded that the underlying reasons for the prohibition still existed, and that therefore appellate review of an order granting a new trial should continue to be confined to the ground on which the order was based.
Giving full vent to this view, we would have to affirm the trial court, because the jury most likely did undercompute the damages, although under the wrong instruction on the law, and we would have to await an appeal from a final judgment entered on a new jury verdict, again, presumably, predicated on an erroneous instruction. At this point we would be back where we started.
Under the peculiar circumstances of this case, and in light of the fact that the statute has been repealed, we believe we are justified in broadening our scope of review to the extent necessary to affirm the order granting the new trial on damages because of the legal necessity of having such a new trial, even though the trial judge's reasoning was different than ours.
In view whereof, the order appealed from granting a new trial should be, and it is hereby, affirmed for the reasons expressed herein.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See Robinson v. Hyer (1895), 35 Fla. 544, 17 So. 745. See also 22 Am.Jur.2d, Damages § 52 at p. 81.
[2] Cf. Maw v. Fay (1924), 248 Mass. 426, 143 N.E. 315, 31 A.L.R. 1176.
[3] See Robinson v. Hyer, n. 1, supra.
[4] See, e.g., James Wood Trading Establishment v. Coe (S.D.N.Y. 1961), 191 F. Supp. 330 rev'd on other grounds, 297 F.2d 651; and Mekrut v. Gould (1959), Sup., 188 N.Y.S.2d 6.
[5] (Fla.App.1st, 1973), 283 So.2d 379.