# Clarendon Mobile Home Sales, Inc. v. Joel S. Fitzgerald and Donna A. Fitzgerald

[381 A.2d 1063]

No. 89-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed December 20, 1977

*Williams, Williams and Seaver, P.C.*, Poultney, for Plaintiff.

*Eugene Rakow*, Vermont Legal Aid, Inc., Rutland, for Defendants.

**Hill, J.** Plaintiff-appellant, Clarendon Mobile Home Sales, Inc., brought suit to recover rent and possession of Lot #27 in its mobile home park. Defendant-appellees, the owner and occupant of a mobile home located on Lot #27 and her spouse, counterclaimed, alleging a breach of the warranty of habitability by appellant and requesting a set-off equal in amount to the rent due. Appellees also asked for compensatory damages for injuries resulting from appellant's alleged breach and for punitive damages. The trial court, sitting without a

jury, entered findings of fact and, concluding that appellant was in breach of its obligation to appellees, dismissed the action for rent and ejectment, awarded appellees compensatory and punitive damages and ordered appellant to either render Lot #27 habitable or move the appellees' mobile home to another suitable site. Appellant contests the award of punitive damages, arguing that as a matter of law such award is not justified by the facts as found by the court below.

The trial court's findings of fact present the following scenario: Since March, 1973, appellee Donna Fitzgerald (with her two children) has maintained her own mobile home on Lot #27 in appellant's mobile home park under a lease agreement with appellant. Lot #27 is located in a small hollow adjacent to a swampy area. At the time that Donna Fitzgerald moved her home onto Lot #27 she was told by an agent of appellant that the ground level of the lot would be raised as soon as weather permitted. Immediately after the mobile home was moved onto Lot #27, problems developed with Lot #27's septic system, causing backup in the toilet of the mobile home. Repairs performed by appellant were sufficient to remedy the problems with the toilet, but did not abate the overflow of sewage from the septic system. This sewage overflow, which continued through the time this lawsuit was initiated, caused a malodorous and unhealthful condition both outside and inside the mobile home. On several occasions Donna Fitzgerald observed that one of her children broke out in a rash after contact with the exposed sewage. Despite repeated complaints by Donna Fitzgerald, appellant never made the promised improvements on Lot #27.

Appellant's agent further promised that the mobile home would be moved to a suitable site but never fulfilled this promise, although other lots became available. The agent told Donna Fitzgerald that he would not permit her to move because he would not be able to re-let Lot #27. At some point in 1973 after Donna Fitzgerald moved onto Lot #27, appellant allowed another tenant of the mobile home park to raise the ground level of three lots with fill and gravel and deduct the cost of these improvements from his rental payments. Appellant refused to make a similar arrangement with Donna Fitzgerald. After receiving complaints from Donna Fitzgerald about the unsanitary conditions on Lot #27, the Town Health Officer for

the Town of Clarendon made several visits to the mobile home park. These visits resulted in both oral and written orders to appellant directing it to correct the unsanitary conditions. Appellant took no action toward this end. Appellees stopped paying rent in August, 1974. Donna Fitzgerald was unable to move from Lot #27 because of the cost of moving and the lack of available sites in other mobile home parks.

Based on these facts, the trial court concluded that the conduct of appellant was so "wilful, reckless and wanton" that punitive damages were warranted. We are unable to sustain this conclusion.

■ Punitive damages are generally not recoverable in actions for breach of contract. *Local 127* v. *Brooks Shoe Mfg. Co.*, 298 F.2d 277 (3d Cir. 1962); see generally 5 A. Corbin, Contracts § 1077, at 437-46 (1964); 11 S. Williston, Contracts § 1340, at 209-14 (3d ed. 1968). However, in certain extraordinary cases in which the breach has the character of a wilful and wanton or fraudulent tort, punitive damages may be allowed. See *Parker* v. *Hoefer*, 118 Vt. 1, 100 A.2d 434 (1953); 5 Corbin, *supra*, at 439. Punitive damages are awarded not as compensation to the sufferer, but "on account of the bad spirit and wrong intention" of the breachor. *Parker* v. *Hoefer, supra*, 118 Vt. at 20, 100 A.2d at 446.

■ We find that the facts in this case do no more to establish a bad *motive* than would those of any case in which a party to an agreement breached his promise and, though given the opportunity, failed to cure that breach. There are many different circumstances which may lead to such conduct, but the facts found do not justify the inference that in this case the appellant possessed the requisite "bad spirit and intention." The findings describe merely a series of breaches of promise and the losses and injuries caused by those breaches. For these losses and injuries the court allowed appellees a set-off equal to the amount of rent due and awarded them reimbursement of all rent paid and additional compensatory damages. This is the extent of the remedy to which appellees are entitled.

*The judgment of the Rutland Superior Court is reversed as to the award of $1,000 in punitive damages and affirmed in all other respects, neither party to recover costs in this Court.*