## The Howard Bank v. Iron Kettle Restaurant of Bolton, Inc., and Elsa M. Morse and Leigh Lacaillade, Executor of the Estate of Monroe M. Lacaillade

[428 A.2d 1138]

No. 190-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 27, 1981

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.,* Burlington, for Plaintiff.

**Barney, C.J.** This is an appeal by the plaintiff, The Howard Bank, in an action brought against a corporate depositor and its two 50% shareholders. The corporation, The Iron Kettle Restaurant, maintained a checking account with the Bank on which either shareholder was empowered to write checks. After a disagreement, each went to a separate branch of the Bank and wrote a check for $1,000. Both checks were accepted and an overdraft of approximately $1,000 resulted. The Bank brought suit against the corporation and against both shareholders individually to recover the amount of the overdraft. The trial court rendered judgment against the corporation, but in favor of the individual shareholders. The plaintiff appeals that part of the judgment which was rendered in favor of the individual defendant Lacaillade.

Defendant Wells and Lacaillade each owned half of the outstanding shares of the defendant restaurant. Although both were authorized to write checks on the corporate account, Wells had the checkbook in her possession on the day of the withdrawals. Lacaillade reached a branch of the Bank first, however, and by means of a counter check, with the help

of the teller, wrote a $1,000 draft on the account. The teller verified that there were sufficient funds to cover the check, and then, without putting a hold on those funds, gave Lacaillade a cashier's check in return.

Later that same morning, Wells presented a corporate check for the same amount to an officer of the Bank at a different branch. The available balance was again checked, and since the first teller did not earmark the funds necessary to cover the cashier's check, sufficient funds were once again indicated. Wells' check was therefore accepted and a corresponding amount was credited to her personal account. At Wells' request, a hold was placed on the funds necessary to cover this check. When accounts were reconciled that night, at the central office, the overdraft was discovered and the Bank decided to return Lacaillade's check for insufficient funds. His refusal to reimburse the bank for the cashier's check gave rise to this law suit.

Finding that an overdraft had occurred, the trial court held the restaurant liable under 9A V.S.A. § 4—401(1). Finding further that neither individual defendant knew of the withdrawal by the other, it found no fraud and concluded that the individual defendants had acted in their corporate capacities. The trial court also found that the proceeds of both checks had been used for corporate purposes and, as such, found no basis for holding either individual defendant personally liable. The judgment in favor of defendant Lacaillade is on appeal to this Court.

The Bank urges reversal on the ground that 9A V.S.A. § 3—403 establishes personal liability on the part of the defendant Lacaillade, since the capacity in which he signed the counter check does not appear on its face. The cited section states that an authorized representative who signs his own name without indicating the name of the person represented or the fact that the signer executed it in a representative capacity is personally liable on the instrument. This rule is subject to modification insofar as the facts may be "otherwise established between the immediate parties." *Id.* This is the only contention advanced by the Bank as the basis for reversal on appeal. It fails for two reasons.

It is a theory first advanced on appeal, and since its application depends on facts not developed below, the issue has not

been preserved for review. *DeGrechie* v. *DeGrechie,* 137 Vt. 373, 374, 406 A.2d 385, 386 (1979).

Of equal significance is the fact that the transaction with defendant Lacaillade took place over the counter at the Richmond branch, and therefore was not subject to the provisions of 9A V.S.A. § 4—301 which, in certain circumstances, would give the Bank a choice of which check to dishonor. According to the findings, when the Lacaillade transaction was undertaken, the counter check was drawn against sufficient funds for the payment of a legitimate obligation. The transaction is therefore a final payment under 9A V.S.A. § 4—213(1). Thus, even if an overdraft had been created by the transaction, the only right acquired under the facts of the case would be the right of the payor bank to charge the customer's account. 9A V.S.A. § 4—401(1). There is no way to convert an over-the-counter transaction into a deferred settlement under 9A V.S.A. § 4—301 for the purpose of justifying a revocation of the payment made. The result reached on the facts of this case was therefore correct.

*Judgment affirmed.*