### Howard S. Collins, Jr. v. William Rene Boudreau and Blanche Boudreau

[446 A.2d 341]

No. 323-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

130

*Chimileski & White,* Newport, for Plaintiff.

*William Rene Boudreau* and *Blanche Boudreau,* pro se, Barton, Defendants.

**Barney, C.J.** The plaintiff in this case is engaged in the construction business and claims an amount due for labor and materials furnished in connection with excavation and landscaping work done for the defendants in 1976. The defendants answer that the plaintiff's work was incomplete and done in an unworkmanlike manner, and counterclaim for damages.

The matter was heard in district court without a jury, the judge sitting as trier of fact. Findings of fact were filed along with the court's decision rendering judgment in the plaintiff's favor for the full amount of his claim, plus interest. The defendants' counterclaims were denied.

On appeal, the defendants argue pro se that the findings of the trial court are not supported by the evidence. They take

exception to most of the findings and generally allege that the evidence is contradictory and the testimony inconsistent. They ask this Court to reverse the judgment below on the ground that the evidence does not adequately support the findings and decision below. We must disagree.

Findings of fact set forth by a trial court, sitting without a jury, shall not be set aside unless clearly erroneous. V.R.C.P. 52(a). The trier of fact is in the best position to determine the credibility of witnesses and the weight to be given their testimony, and is bound to do so impartially and judiciously. *Stamato* v. *Quazzo*, 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980); *Osler* v. *Landis*, 138 Vt. 353, 357, 415 A.2d 1316, 1318 (1980); *Potwin* v. *Tucker*, 126 Vt. 414, 418, 234 A.2d 430, 433 (1967).

In evaluating a claim that findings below are not properly supported by the record, we will review the evidence in the light most favorable to the prevailing party, excluding the effect of any modifying evidence, and if we find any credible evidence fairly and reasonably tending to support them, the findings will stand. *Anderson-Friberg Co.* v. *S. G. Phillips Corp.*, 137 Vt. 565, 566, 409 A.2d 560, 560 (1979); *Everlasting Memorial Works* v. *Huyck Monument Works*, 128 Vt. 103, 104, 258 A.2d 845, 846 (1969).

Although much of the testimony given in this case conflicted, we are unable to say that any of the findings of fact were not supported by at least some credible evidence. The court could have found, and did find, an oral agreement between the parties for excavation and landscaping work which was completed, based on a broad estimate of cost to the defendants which was not unreasonably overrun. It could similarly have found, and did find, that although the defendants suffered some loss, this did not result from any breach of contract or negligence by the plaintiff.

*Judgment affirmed.*