**Twin State Equipment, Inc. v. Prentiss A. Smith**

[446 A.2d 794]

No. 179-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 8, 1982

*Michael E. Samson,* Poultney, for Defendant.

**Billings, J.** The plaintiff-appellee commenced a small claims action, D.C.C.R. 80.3, in the District Court of Vermont, Unit No. 1, Rutland Circuit, against the defendant-appellant for repair work performed in September 1979 on a small tractor. The repair bill amounted to $424.45 which remained unpaid. The defendant answered the complaint denying liability and claiming the repair was covered by an express warranty. Both parties appeared pro se at trial. At the hearing the undisputed evidence disclosed the express warranty period

had expired. The trial court made the following oral finding: "That the plaintiff has proved his claim by the required amount of proof, that is, by a preponderance of the evidence." Judgment was then entered for the plaintiff in the amount of the bill. No requests for findings of fact were made either before or after judgment. D.C.C.R. 52.

The defendant raises three issues on appeal: (1) whether the issue of implied warranty of merchantability, 9A V.S.A. § 2—314, was raised below; (2) if it was, whether the trial court failed to consider this issue in reaching its judgment; and (3) whether the repairs constituted a cure of a breach of the implied warranty of merchantability, and thus constituted a defense to the claim for contractual damages.

We find that the issue of implied warranty of merchantability, 9A V.S.A. § 2—314, was not raised below. The facts necessary for an application of 9A V.S.A. § 2—314 were not developed at trial, and therefore the issue was not preserved for review. *The Howard Bank* v. *Iron Kettle Restaurant of Bolton, Inc.*, 139 Vt. 374, 375–76, 428 A.2d 1138, 1139 (1981).

Having decided the issue of implied warranty of merchantability was not raised, we need not reach the other issues.

We do not alter our usual standards of appellate review in this case. However, with the authorized informality of small claims procedure at the trial level, 12 V.S.A. § 5531; D.C.C.R. 80.3, the standards of appellate review in such cases must now be re-examined for possible revision.

*Affirmed.*