### E. R. Darken and Nancy Darken, Individually, and W./S Enterprises, Inc. v. Francis A. Mooney

[481 A.2d 407]

No. 82-110

Present: Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed June 29, 1984

*Stern & Mayhew, P.C.*, Woodstock, for Plaintiffs-Appellees.

*Laurence F. Gardner*, Hanover, New Hampshire, for Defendant-Appellant.

**Gibson, J.** This is a boundary dispute between adjoining property owners in the village of Woodstock. The Darkens brought an action in Windsor Superior Court seeking a declaratory judgment as well as a permanent injunction. Defendant Mooney counterclaimed on the basis of adverse possession; he claims title to a portion of plaintiffs' property by adverse use for a period in excess of fifteen years. After hearing, the presiding judge established a boundary line and issued a permanent injunction in favor of plaintiffs.

Defendant advances four arguments on appeal. He argues that: (1) the trial court's denial of his motion for relief from judgment based upon newly discovered evidence was an abuse of discretion; (2) the trial court's findings and conclusions of law were insufficient in that they failed to address adequately the question whether defendant has acquired a prescriptive easement by which he could reach the rear entrance of his garage; (3) the defendant's installation of underground oil tanks in 1952 satisfied the notice requirement of the prescriptive easement doctrine; and (4) the court's findings and conclusions denying defendant's claims of adverse possession and prescriptive easement are clearly erroneous. We affirm the judgment of the trial court.

The parties own adjoining parcels of commercial property on Central Street in Woodstock. The plaintiffs acquired their property in 1967 and operate a retail sporting goods store. Defendant, who operates a gasoline station, acquired his parcel in 1952. The properties conjoin for a distance along a common driveway that is the focus of this dispute. Plaintiffs claim defendant continually blocks access to their property by park-

ing vehicles upon plaintiffs' portion of the drive. They also claim that defendant's aboveground and belowground fuel tanks intrude upon their property.

Plaintiffs' property is composed of four separate parcels, an original parcel and three additional strips acquired later. The most relevant addition, for our purposes, is a four foot strip conveyed from defendant's predecessors in title to plaintiffs' predecessors. The strip was originally located within the eastern boundary of defendant's property and abutted the western boundary of plaintiffs' property. This four foot piece was transferred from defendant's property and became part of plaintiffs' parcel in 1946. Today, it contains part of the common driveway. The conveyance itself was verified by deed and is not in dispute. The exact location of the east/west edge of this strip, however, was the focus of the litigation below; its location determines the boundary between the two parcels and determines what percentage of the driveway each party is entitled to use. Its location also determines whether defendant's property is sufficiently wide to provide a corridor to the rear of his garage.

At trial, plaintiffs produced a surveyor, who had surveyed the property based upon existing deeds as well as surviving physical landmarks. He testified that the boundary was located along a line beginning 20.2 feet from the southwestern corner of the Darken building and 22 feet from the southeastern corner of the Mooney building, then extending northerly to a stone post, then to an iron pipe and, finally, to the edge of Kedron Brook. The line, as established by the survey, divides the driveway and does not provide defendant with access by vehicle to the rear of his garage.

This survey substantially conformed to an earlier survey which had been conducted by plaintiffs' predecessor. It also conformed to an earlier determination made by the village of Woodstock during a sidewalk construction project and was consistent with the determination of an asphalt contractor who paved the driveway in 1974 and billed the parties according to their respective shares.

Defendant presented no expert witness at trial to rebut the testimony of plaintiffs' surveyor but relied instead upon his own understanding of the location of the boundary line.

Plaintiffs claim the aboveground tank extends over the boundary line and rests partially upon their property. They testified that this tank was not placed upon the property until some time after the fall of 1966. Plaintiffs further testified they had no knowledge, prior to trial, that the underground tanks were also protruding beyond the line established by the survey and onto their property. The underground tanks were installed about 1952 and had no aboveground accoutrements on plaintiffs' property. No evidence was presented during trial that any of plaintiffs' predecessors had knowledge of the location of the underground tanks.

The court found that the line established by plaintiffs' survey was "the true and accurate common boundary of the parties" and, based upon a credibility judgment, found that the aboveground tank was not in place until after the fall of 1966. The court rejected defendant's counterclaim of ownership by adverse possession, because the aboveground tank had not been in place for fifteen years before suit and there was no evidence that plaintiffs or their predecessors knew of the underground tanks. Defendant was ordered to remove the aboveground tank within 20 days and was enjoined from trespassing or interfering with plaintiffs' land.

Defendant's first claim arises from the denial of his post-trial motion for relief from judgment. Pursuant to V.R.C.P. 60 (b) (2) defendant requested the trial be reopened for the purpose of receiving testimony by a surveyor engaged by defendant subsequent to trial. Defendant claims he was unable to obtain the services of a surveyor prior to trial because he could not afford to pay for such expert services and Vermont Judicare, through which he was represented, would not pay the full surveyor's fee. He argues that he was not so informed by Vermont Judicare until January 11, 1982. The trial was scheduled for January 21, 1982, a requested continuance was denied and, therefore, defendant claims he had inadequate time in which to secure a survey and expert testimony.

More than seven months after trial, defendant obtained a survey of his property which differed in some respects from that conducted by plaintiffs' surveyor. He then moved to reopen the case based upon this alleged discrepancy. The motion was denied.

566

■■ V.R.C.P. 60(b)(2) provides that a court may relieve a party from a final judgment when there is "newly discovered evidence which by due diligence could not have been discovered" within 10 days after entry of the judgment. Such relief, however, "is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *Zinn* v. *Tobin Packing Co.*, 140 Vt. 410, 414, 438 A.2d 1110, 1113 (1981) (citing *Waitt* v. *Waitt*, 137 Vt. 374, 375, 406 A.2d 395, 396 (1979), and *Kotz* v. *Kotz*, 134 Vt. 36, 40, 349 A.2d 882, 885 (1975)). It is the defendant's burden to prove such an abuse. *R. Brown & Sons, Inc.* v. *International Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982).

■■ We agree with the trial court that defendant had ample time to engage a surveyor and to arrange some method of payment prior to trial. The pretrial conference was held on September 30, 1981, giving defendant nearly four months in which to prepare his case. We cannot say that this survey, obtained many months after trial, could not, with due diligence, have been obtained in time for trial. V.R.C.P. 60(b)(2) does not operate to afford parties a chance to relitigate matters in which there was ample time to prepare. Nor does it afford relief from tactical decisions which later prove to be ill advised. See *Okemo Mountain, Inc.* v. *Okemo Trailside Condominiums, Inc.*, 139 Vt. 433, 436, 431 A.2d 457, 459 (1981) (V.R.C.P. 60(b)(1), which affords relief in cases of mistake or inadvertence, will not relieve a party from a tactical decision which in retrospect seems ill advised). There was no abuse of discretion in the denial of the motion for relief from judgment.

Defendant's next three arguments involve, at least in part, claims concerning a possible prescriptive easement. In his answer, defendant counterclaimed, alleging "adverse use and adverse possession." Responding to interrogatories propounded by plaintiffs, defendant stated that "I claim the land in fee simple and not as an easement or right of way" and "I do not claim an easement or right of way—just a fee simple interest." At trial, counsel for defendant expressly denied that the prescriptive easement doctrine was a theory in his case. We also note that defendant's proposed findings and conclusions con-

tained no facts or legal conclusions pertaining to a prescriptive easement. It is clear from a review of the record that defendant's case was tried solely on the theory of adverse possession; the alternative theory of prescriptive easement was neither pleaded nor developed at trial.

Although the trial court noted that plaintiffs believed prescriptive easement was not an issue at trial, the court nevertheless made a brief legal conclusion summarily disposing of the issue on its merits. It is this gratuitous conclusion of law that defendant now attacks. Defendant argues essentially that the court's conclusion of law failed to dispose properly of the prescriptive easement claim and was an erroneous legal conclusion.

We will not review defendant's claims concerning a prescriptive easement. After expressly denying any such claim at trial and failing to develop an adequate record through testimony and other evidence, defendant cannot, on appeal, attack the trial court's conclusion on the basis that it is erroneous or "fails to dispose of the issue." Although it is unfortunate that the boundary line established by the evidence does not afford defendant an ample corridor for access to the rear of his garage, this outcome could have been anticipated during trial preparation. The theory that defendant was entitled to a prescriptive easement to reach the lower level of his garage was a principle of law, in addition to adverse possession, that might have been advanced at trial. Defendant may not litigate issues in this Court that it failed to try below. "Alternative theories will not be considered now." *First Vermont Bank & Trust Co.* v. *Village of Poultney*, 134 Vt. 28, 32, 349 A.2d 722, 726 (1975) ; see also *Howard Bank* v. *Iron Kettle Restaurant of Bolton, Inc.*, 139 Vt. 374, 375–76, 428 A.2d 1138, 1139 (1981) ( a theory first advanced on appeal and dependent upon facts not developed below has not been preserved for review).

Last, defendant briefly argues that the trial court's findings rejecting his claim of adverse possession are clearly erroneous. Defendant submitted proposed findings concerning acts of dominion and control adverse to plaintiffs' title that were not adopted by the trial court. He claims the court's findings are not supported by the evidence adduced at trial.

Findings of fact will not be set aside on appeal unless clearly erroneous. V.R.C.P. 52(a). The findings must stand if there is reasonable and credible evidence to support them. *Collins* v. *Boudreau,* 141 Vt. 129, 131, 446 A.2d 341, 342 (1982). They will be reviewed in the light most favorable to the prevailing party, and the effect of modifying evidence will be excluded. *Id.* at 131, 446 A.2d at 342; *Frogate* v. *Kissell,* 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980). It must be remembered that the persuasive effect of evidence and the credibility of witnesses are for the trier of fact to determine. *Stamato* v. *Quazzo,* 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980).

The fact that the trial court declined to adopt defendant's proposed findings is no basis for error. The court is free to choose the evidence it finds persuasive. See *Claude G. Dern Electric, Inc.* v. *Bernstein,* 144 Vt. 423, 426, 479 A.2d 136, 138 (1984). Upon review of the record we find there is ample evidence to support the trial court's findings. These findings, in turn, sustain its ultimate conclusion that defendant failed to meet the burden of proving adverse possession in this case.

*Affirmed.*