# Appropriate Technology Corp. v. Thomas Palma

[508 A.2d 724]

No. 84-019

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 21, 1986

*J. Eric Anderson* and *Jean Brewster Giddings* of *Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Plaintiff-Appellant.

*Douglas S. Moore* and *Frank H. Olmstead* of *Brownell & Moeser*, Norwich, for Defendant-Appellee.

**Hill, J.** Plaintiff, Appropriate Technology Corp. (ATC), appeals the judgment and order of the trial court awarding defendant, Thomas Palma, compensatory and punitive damages based on the latter's counterclaim. We affirm the judgment as to liability. The damage awards, however, must be vacated as the wrong theory of valuation was applied in computing defendant's loss.

The pertinent facts are as follows. ATC is a Vermont corporation which has its principal place of business in Brattleboro, Vermont. It was established by John Schnebly, Jr., in 1975 to develop, produce and sell solar-related products. In 1977 Schnebly hired defendant to assist in developing a thermal window shade. Defendant realized that the company was poorly capitalized, and he agreed to work for a minimal salary.

The terms of the employment contract were never reduced to writing, and defendant concedes that he was an employee at will. The parties, however, clearly expected that defendant would be rewarded for his work if and when the capital structure of the corporation improved. Stock compensation schemes were frequently discussed, and sometime during the summer of 1977 Palma and Schnebly agreed that Palma would receive four shares of ATC stock per week and a 200-share lump sum payment as compensation.

Throughout the summer of 1977 Schnebly kept defendant informed about ATC's efforts to obtain capital. At the insistence of others, however, Schnebly did not tell defendant of a potential investor who eventually contributed $36,000 to ATC's corporate coffers on November 1, 1977. In fact, when defendant voluntarily left ATC's employ in early November because of family financial pressures, he did so only after Schnebly told him that ATC had no prospective investors in sight.

Plaintiff brought this action to obtain an injunction ordering defendant to assign to ATC his interest in any patent that might be obtained. Defendant counterclaimed, alleging breach of contract and fraud.

The trial court found that ATC had unclean hands, and it denied ATC's prayer for equitable relief. The court further found that plaintiff's misrepresentations induced defendant to leave ATC's employ and, on this basis, awarded defendant compensatory damages in an amount equal to the value of the stock owed at the time of trial. The court awarded defendant punitive damages in the same amount based on the malicious nature of the fraud.

I.

Although the trial court relied on the alleged fraud perpetrated by plaintiff, we base our affirmance on a contractual theory of recovery. The court found that: (1) defendant accepted his initial salary with the expectation of further reward, (2) the parties subsequently entered into an oral contract whereby defendant was to receive stock in the corporation, and (3) the stock to be paid was compensation for defendant's employment services. These findings are fairly and reasonably supported by evidence in the record, and must stand on appeal. Collins v. Boudreau, 141 Vt. 129, 131, 446 A.2d 341, 342 (1982).

Plaintiff contends that there was only past consideration, and thus no consideration, to support plaintiff's obligation under the contract. This argument is not persuasive. The parties entered into the contract at issue here during the summer of 1977. Defendant continued on in ATC's employ through October, thus affording consideration other than the past services.

Plaintiff's claim that there was no meeting of the minds as to an essential term of the contract is likewise without merit. The

trial court found that ATC agreed to pay defendant four shares of stock per week of work and 200 shares in a lump sum. This agreement constituted an express oral contract for defendant's services.[1] The contract did not include a date of payment term; however, this omission does not affect the contract's validity. See *Batchelder* v. *Mantak*, 136 Vt. 456, 465, 392 A.2d 945, 950 (1978) (payment term not essential to the *formation* of a contract for services).

In computing defendant's loss, the trial court clearly looked to the terms of the breached stock agreement. Accordingly, the court adjudged plaintiff liable to the defendant for 312 shares of ATC stock—200 shares lump sum and 112 shares accrued—or its money equivalent. The court then found that each share of ATC stock was worth forty dollars at the time of trial, and awarded defendant $12,480 in damages.

Neither party challenges the court's calculation concerning the number of shares owed. Plaintiff contends, however, that the trial court erroneously awarded defendant the present value of the stock owed as opposed to its value on the date of breach. We agree.

As a general rule, damages for breach of contract are to be measured as of the date of the breach with interest to the date of trial. See, e.g., *Lake Region Paradise Island, Inc.* v. *Graviss*, 335 So. 2d 341, 342 (Fla. Dist. Ct. App. 1976). Under this rule, "fluctuations in value of the matter or thing contracted for after breach do not affect the recovery allowed." *Id.*; see also *Hurst* v. *Forsythe*, 584 S.W.2d 314, 316 (Tex. Civ. App. 1979) (fluctuations in price exclusively the hazard of the breachor). The rule is equitable in that it places the claimant in the same position he would have been in had the contract been performed, and it avoids speculation as to whether the property would have been sold or other-

---

[1] Although ATC's Board of Directors passed a corporate resolution providing that the four shares per week were only to be issued "if the employee [was] employed by the corporation and in good standing on December 31, 1977," defendant was not bound by the resolution as he did not know of or have access to this information. See *Bachli* v. *Holt*, 124 Vt. 159, 164, 200 A.2d 263, 267 (1964) (party to contract not entitled "to claim a different consequence as the result of some undisclosed mental reservation which he had when contract was made").

wise disposed of prior to trial. See *Graviss, supra*, 335 So. 2d at 342-43.[2]

■ The trial court inferred from payments made to other ATC employees that defendant should have received the stock due him in December, 1977. Although neither party introduced evidence as to the value of ATC stock at that time, it is the claimant's burden to "show facts necessary for the proper and correct computation of damages." *Larochelle* v. *Komery*, 128 Vt. 262, 267-68, 261 A.2d 29, 33 (1969). Consequently, this case must be remanded for the limited purpose of determining the value of 312 shares of ATC stock in December, 1977, defendant being entitled to judgment in that amount plus the interest that accrued from that date until the time of trial.

## II.

Plaintiff next contends that the court's punitive damage award is without legal foundation.

■ To be entitled to an award of punitive damages a claimant must make a showing of actual malice. *Lent* v. *Huntoon*, 143 Vt. 539, 550, 470 A.2d 1162, 1170 (1983). In *Shortle* v. *Central Vermont Public Service Corp.*, 137 Vt. 32, 33, 399 A.2d 517, 518 (1979), we noted that "[t]his may be shown by conduct manifesting personal ill will . . . , or even by conduct showing a reckless or wanton disregard of one's rights." Although generally not recoverable in actions for breach of contract, punitive damages may be allowed "in certain extraordinary cases where the breach has the character of a willful and wanton or fraudulent tort." *Glidden* v. *Skinner*, 142 Vt. 644, 647, 458 A.2d 1142, 1144 (1983) (citing *Clarendon Mobile Home Sales, Inc.* v. *Fitzgerald*, 135 Vt. 594, 596, 381 A.2d 1063, 1065 (1977)).

---

[2] We note in passing that we would reach the same conclusion even if we adopted the lower court's fraud analysis. In an action for fraud, the plaintiff is allowed to recover such damages as are "the natural and proximate consequences of the fraud." *Conover* v. *Baker*, 134 Vt. 466, 470, 365 A.2d 264, 267-68 (1976) (citations omitted). In this case the court found that the damages flowing from plaintiff's fraud were limited to the 312 shares of ATC stock owed defendant under the stock agreement. In valuing those shares of stock under a fraud analysis, we would adopt the contract damage rule quoted above as it allows the court to accurately measure the damages caused by plaintiff's fraud without speculating as to whether defendant would have sold the stock prior to trial.

■ The record in this case reveals conduct manifesting personal ill will. Although the actual breach lay in the corporation's failure to pay defendant compensation due under the stock agreement, the court found that the company president knowingly misrepresented ATC's finances, and that such misrepresentation induced defendant to leave the corporation's employ. The court further found that the misrepresentation was made "in bad faith and with evil intent." In light of these findings, ATC's breach takes on the character of a willful or fraudulent tort rendering the corporation liable for punitive damages.

■ Punitive damages need not bear any relationship to the underlying compensatory damage award. See *Pezzano* v. *Bonneau*, 133 Vt. 88, 92, 329 A.2d 659, 661 (1974). They "are awarded not as compensation to the sufferer, but 'on account of the bad spirit and wrong intention' of the breachor." *Glidden, supra*, 142 Vt. at 648, 458 A.2d at 1144 (citations omitted). Nevertheless, when a court assesses punitive damages in an amount equal to the underlying compensatory damage award, and the compensatory damage award is vacated on appeal, we believe that the punitive damage award should also be vacated.

We address plaintiff's remaining claims of error by stating only that we do not believe plaintiff has sustained its burden of establishing affirmative prejudice resulting from the court's evidentiary rulings or an abuse of discretion with regard to its denial of the corporation's prayer for equitable relief.

*Judgment affirmed as to liability; cause remanded for computation of compensatory and punitive damage awards in accordance with the views expressed in this opinion.*