## In re David Allen Bingham, Jr., Michael James Bingham and Anthony McIntyre Bingham

[541 A.2d 1197]

No. 86-419

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed January 15, 1988

*Dorsch, Hertz and Wesley*, Brattleboro, for Plaintiffs-Appellants.

*Angell & Angell*, Randolph, for Defendant-Appellee.

**Mahady, J.** The issue presented in this adoption proceeding is whether the evidence and findings of the Windham Superior Court, in a de novo appeal from the probate court, adequately supported its determination that the father had not "abandoned the care and support" of his three children within the contemplation of 15 V.S.A. § 435(1). The mother and stepfather of the children appealed to this Court. We affirm.

The parents of the three children were divorced in November of 1979. The divorce decree awarded custody of the children to the mother and imposed an obligation of support on the father. Specified visitation rights were granted to the father. In 1984, the mother remarried. In 1985, the mother and the stepfather filed petitions with the probate court for adoption of the three children, which the court granted. A de novo appeal by the father to the superior court followed.

The superior court found as fact that the father had made no support payments since 1984, although he had a present ability to comply with the support obligation imposed by the divorce decree. The court also found that the father had not availed himself of opportunities for visitation set forth in the decree. However, it did find that the three children visited the home of the paternal grandparents and that the father saw the children and was with them during those visits. Specifically, the trial court found that the father "was still accomplishing those visits and keeping his contacts through his parents." On the basis of these findings, the superior court denied the petitions.

The findings of the trial court are supported by credible evidence and are not clearly erroneous. As such, they must stand. *Darken* v. *Mooney*, 144 Vt. 561, 568, 481 A.2d 407, 412 (1984).

Our legislature has provided that the consent to adoption and to an adoption decree is sufficient when given and executed "[b]y one parent, if the other parent has abandoned the care and support of the minor . . . ." 15 V.S.A. § 435(1). Here, the mother had given such consent; therefore, the issue before the trial court was whether the father had "abandoned the care and support" of his three children.

The burden of proving such abandonment is a heavy one. The law requires the showing of an "absolute, complete and intentional" abandonment. *Whitton* v. *Scott*, 120 Vt. 452, 459, 144

A.2d 706, 710 (1958). The trial court, based upon the evidence which it heard and its adequate findings, concluded that the father had not absolutely, completely and intentionally abandoned the children. On this record, we must defer to that conclusion.

We must also defer with regard to the policy arguments advanced by the mother and stepfather for a modification of the standards for involuntary adoptions. Under our system of government, such arguments seeking to modify long and well-established legal principles must be presented to the legislature, not to the judiciary. Vt. Const. ch. II, § 5.

*Affirmed.*