David A. **WILLIAMS** v. **John LUPIEN**

[564 A.2d 609]

No. 84-582

July 19, 1989. John J. Lupien appeals the trial court's opinion and order of May 24, 1984, that entered judgment for appellee, David A. Williams, in the amount of $1,084.33 plus interest of $267.84 and costs of $22.40 for a total judgment of $1,374.57. We affirm.

In reviewing the issues in this case, we view the facts in the light most favorable to the prevailing party, excluding any modifying evidence. *Collins v. Boudreau*, 141 Vt. 129, 131, 446 A.2d 341, 342 (1982). Appellee is an attorney at law practicing in Morrisville, Vermont. Until September, 1980 appellee was in a partnership with Joseph J. Wolchik. Beginning in November, 1978 appellant retained Joseph J. Wolchik for legal services regarding a dispute he had with the Lamoille Valley Railroad over wages. Beginning in January, 1979, appellant also retained Mr. Wolchik for legal services connected with a business venture. Appellee continued the representation of appellant on both matters after Mr. Wolchik left the firm in September, 1980. Appellant did not pay for any of these services and appellee sued. The case was tried by court.

Appellant disputes that the representation was done according to his instructions and alleges further that he was billed for services not rendered. The trial court found that these allegations were not supported by the evidence. The court also found that the fees charged for legal services provided were reasonable and consistent with fees charged for legal services within Lamoille County at the time the services were rendered and billed.

Appellant argues that the court's findings of fact and conclusions were not supported by the record. To set aside findings it must be demonstrated that they are clearly erroneous. *A. Brown, Inc. v. Vermont Justin Corp.*, 148 Vt. 192, 194, 531 A.2d 899, 901 (1987). The trier of fact's function, in this case the court's, is to determine the credibility of the witnesses and the weight to be given their testimony. See *Gramatan Home Investors Corp. v. Starling*, 143 Vt. 527, 532, 470 A.2d 1157, 1160 (1983).

We have reviewed the record and find that the trial court's findings of fact are supported by the record. The judgment therefore must stand.

*Affirmed.*