## Christopher C. FUCCI v. MOSELEY & FUCCI ASSOCIATES, LTD.

[751 A.2d 760]

No. 99-259

January 14, 2000. Defendant Moseley & Fucci Associates, Ltd. appeals the Windsor Superior Court's decision holding it liable for $40,000 to plaintiff, Christopher Fucci, on his claim for deferred compensation. On appeal defendant claims the court erred in failing to dismiss the claim on the grounds that it is barred by the statute of limitations. We affirm.

Plaintiff was a twenty-five percent shareholder of defendant corporation, which was formed in 1983 and incorporated in 1985. He also performed services for defendant from 1983 to 1996, and was an officer and director of the corporation. On December 18, 1987, defendant acknowledged in writing, in the minutes of a board of directors meeting, that it owed "deferred compensation" to plaintiff for 1986 and 1987 in the amount of $20,000 per year. The agreement contained no fixed date for payment. Although plaintiff continued to be a shareholder and director of defendant corporation and perform services for it until 1996, he never received the $40,000.

In October 1996 a business disagreement developed between plaintiff and the other principal of the defendant corporation. Plaintiff resigned his positions as director and officer, and requested payment of the "deferred compensation." That demand, the first action taken by plaintiff to claim his compensation since 1987, was refused by defendant, and this litigation ensued in March 1997.

The trial court found that plaintiff's cause of action accrued in 1996 when the defendant breached by refusing the demand for payment. Therefore, it found, the action was brought within the six-year statute of limitations provided in 12 V.S.A. § 511. On appeal, defendant argues that because there was no fixed date of payment, the entire lump sum was due and payable immediately in 1987. Based on this argument, it claims that the breach occurred and the cause of action accrued in 1987, and the statute of limita-

tions had expired by the time plaintiff filed suit in 1997.*

The burden of proving that a claim is barred by the statute of limitations rests on the party asserting the defense. *Monti v. Granite Savings Bank & Trust Co.*, 133 Vt. 204, 209, 333 A.2d 106, 109 (1975). Furthermore, findings of fact by a trial court will not be set aside on appeal unless they are clearly erroneous. See V.R.C.P. 52(a)(2); *Mullin v. Phelps*, 162 Vt. 250, 260, 647 A.2d 714, 720 (1994).

Defendant presented no evidence that the parties intended that the deferred compensation be payable immediately. Although it claims that absent a fixed date of payment the entire lump sum was payable immediately, it cites — and we can find — no support for that claim. Cf. *Appropriate Tech. Corp. v. Palma*, 146 Vt. 643, 647, 508 A.2d 724, 726 (1986) (contract for lump sum payment of stock, lacking date of payment, was breached after plaintiff-employee left employ, not immediately upon formation of contract). Indeed, defendant fails to deal with the central fact that payment of the compensation in question was "deferred." The term "deferred" is synonymous with "postponed," Webster's Encyclopedic Dictionary 251 (1989), and necessarily means that deferred compensation is not immediately due.

In the absence of evidence to the contrary, the court's finding that there was no fixed date of payment is consistent with the nature of deferred compensation and the evidence before it and, in turn,

---

* Although plaintiff argues that defendant is barred from raising the statute of limitations as a defense on appeal because it was not fairly raised at trial, see *Lanphere v. Beede*, 141 Vt. 126, 129, 446 A.2d 340, 341 (1982), we find it sufficient in this case that defendant pleaded the defense in its answer and submitted the question to the court in its post-trial request for findings. This is not a matter raised for the first time on appeal. See *id.*

supports the conclusion that defendant's obligation to pay did not come due until plaintiff demanded the money. We conclude that defendant failed to discharge its burden of proof to show an alternative due date consistent with its claim that the limitation period had run.

*Affirmed.*

Motion for reargument denied March 20, 2000.