*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-235

APRIL TERM, 2015

| | |
|---|---|
| Kayla L. Eaton | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Civil Division |
| | } |
| Leroy E. Prior, Prior Polygraph, | } DOCKET NO. 782-10-09 Wncv |
| Matthew Bellmay and Vermont State Police | } |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff Kayla Eaton appeals a civil division order denying her motion for relief from judgment. We conclude that there are no grounds for reversal and affirm.

This case has a long history, including a prior appeal to this Court. The basic facts are set forth in that prior decision. Eaton v. Prior, 2012 VT 54, 192 Vt. 249. In 2004, plaintiff filed suit against her former employer Okemo Mountain Resort and her former supervisor, asserting that her supervisor had sexually assaulted her while she was working. The parties agreed that plaintiff would submit to a polygraph examination, and employed defendant Leroy Prior. His report concluded that plaintiff was not truthful in her allegations of sexual assault. The case proceeded, and plaintiff submitted to an additional examination with a different examiner in January 2005, which resulted in a report more favorable to plaintiff. In December 2005, plaintiff's attorney moved to withdraw. The court granted the motion, and directed that plaintiff had sixty days to hire new counsel or enter an appearance pro se. In March 2006, the defendants moved to dismiss for failure to prosecute. The court granted the motion that month, noting that plaintiff had not entered an appearance pro se or by counsel, and had not responded to the motion to dismiss.

More than three years later, in October 2009, plaintiff filed this suit against Prior, Matthew Bellmay, a state trooper involved in supervising polygraph licensing, and the Vermont State Police. Plaintiff claimed that Prior negligently performed the examination. She asserted that Bellmay negligently investigated Prior, misrepresented facts about his investigation, and failed to produce his investigation file when requested by the American Polygraph Association (APA). She alleged that the state police negligently performed the criminal investigation, which prevented a criminal prosecution. She also asserted that all defendants conspired to cover up Prior's misconduct and to undermine her suit against Okemo.

In May 2011, the civil division granted defendants' motions for summary judgment, concluding it was filed beyond the limitations period. The court concluded that plaintiff's cause of action accrued no later than March 2006 when plaintiff filed a complaint with the APA. The court concluded that plaintiff's claims were predicated on emotional injuries and therefore

subject to the three-year limitations period. See 12 V.S.A. § 512(4). Plaintiff appealed. This Court affirmed dismissal of plaintiff's claims for emotional injury, but remanded to the civil division to determine whether plaintiff's claim for economic damages—specifically loss of the Okemo suit—were sufficiently distinct from the claims for emotional distress to remain timely under the general six-year limitations period. See 12 V.S.A. § 511.

On remand, the parties conducted additional discovery, including a deposition of plaintiff.[1] Prior and the state defendants both moved for summary judgment on various grounds. On August 23, 2013, the court entered a decision, granting summary judgment. The court concluded that the only economic damage that would be subject to the six-year limitations period would be the loss of the Okemo suit. The court concluded that defendants were entitled to judgment on the issue of causation because plaintiff had failed to demonstrate that defendants' actions caused the loss of the suit. The court explained that the suit was dismissed because after plaintiff's counsel withdrew, she did not hire replacement counsel, proceeded pro se, or prosecute the case further. The court concluded that there were no facts to show that plaintiff's decision not to proceed pro se could be attributed to the defendants, explaining "there remains no way to legally connect the polygraph, anything that occurred in any investigation about the polygraph, or any other action taken by a defendant in this case to the outcome of the [Okemo] suit." The court briefly addressed defendants' other arguments, concluding, among other things, that defendant Prior was entitled to judgment based on the economic loss rule, and that the claims against the state defendants were barred by sovereign or qualified immunity.

Plaintiff subsequently filed several motions, seeking, among other things, reconsideration of the summary judgment order and to add additional defendants. The court denied the motions, and entered a final judgment order on November 25, 2013. On January 3, 2014, plaintiff filed a motion for relief from judgment pursuant to Vermont Rule of Civil Procedure 60(b), alleging newly discovered evidence, fraud, and misrepresentation. On March 28, 2014, the court denied the motion, stating that the allegations would not alter the court's decision and did not appear to be based on information not reasonably available before the court's decision. Plaintiff filed a notice of appeal.[2]

At the outset, we emphasize that our review of this case is limited. On appeal from the denial of a motion for relief from judgment, this Court reviews the trial court's decision for an abuse of discretion. Pirdair v. Med. Ctr. Hosp. of Vt., 173 Vt. 411, 413-14 (2002). The court's decision will be affirmed unless it clearly and affirmatively appears from the record that the court withheld or abused its discretion. Darken v. Mooney, 144 Vt. 561, 566 (1984)

In her Rule 60(b) motion, plaintiff asserted that she had newly discovered evidence to demonstrate that the statute of limitations should be tolled for the emotional distress claims and concerning her claims of fraud against state actors. On appeal, she provides lengthy information regarding her claims of fraud, conflicts of interest, and improper behavior by Prior, and several

---

[1] Plaintiff's father was also named as a plaintiff in the suit. After this case was remanded to the civil division, the court dismissed all claims filed by plaintiff's father as having no legal basis or arising solely out of emotional harm.

[2] On appeal, defendant Prior argues that plaintiff's appeal was untimely filed. The record reveals that plaintiff timely filed a notice of appeal. The court's decision was entered on March 28, 2014, and on April 25, 2014, plaintiff submitted a filing to the court indicating her intent to appeal. This filing was sufficient as a notice of appeal and was timely filed within thirty days of the court's order. V.R.A.P. 4(a)(1).

state actors including Bellmay and the state police. Much of plaintiff's brief repeats the allegations and factual assertions she made in the underlying case in the civil division. Essentially, she attempts to relitigate the matter. This is beyond the scope of a Rule 60(b) motion. "Rule 60(b) is not designed to afford parties simply a second, better opportunity to litigate issues already contested and decided in a previous proceeding." Pirdair, 173 Vt. at 415; see John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24 (1999) (explaining that Rule 60(b) provides relief in "extraordinary circumstances" and is not intended to allow court to reconsider matters disputed and resolved at trial).

Further, although plaintiff generally refers to new evidence, she fails to identify what specific new evidence she obtained after the court's summary judgment ruling and explain why that evidence was not reasonably available until after final judgment. See V.R.C.P. 60(b)(2) (explaining that relief from judgment for newly discovered evidence may be granted if movant shows evidence could not have been discovered within time to file a motion for new trial). Therefore, the court did not err in denying plaintiff's motion on the grounds that plaintiff did not meet her burden of showing that the evidence was not reasonably available prior to its summary judgment decision. See Darken, 144 Vt. at 566 (explaining that motion for relief from judgment based on newly discovered evidence is addressed to trial court's discretion and movant has burden to show court abused its discretion).

In addition, plaintiff has failed to demonstrate that the court abused its discretion in denying relief from judgment since plaintiff has not shown how any new evidence would change the result of the court's summary judgment decision. See Pirdair, 173 Vt. at 414 (explaining that motion based newly discovered evidence will not be granted if newly discovered evidence is cumulative or would not change the result). Plaintiff has not shown how any of the evidence she recounts in her brief would change the court's summary judgment ruling that there was no causal connection between defendants' actions and the dismissal of the Okemo suit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice