## BELLE CAMP *v.* DIX J. CAMP.

### May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Trespass on the Case—Adverse Possession—Exemplary Damages—Evidence.*

In an action for interfering with plaintiff's use of certain land by piling logs thereon, where the defence was prescriptive title to the easement in question, plaintiff was properly allowed to show in rebuttal that by permission of her father, who was her immediate grantor, and while he held the title to the disputed land, plaintiff and her mother had a flower garden thereon where they raised flowers.

In an action for wilfully and maliciously piling logs on certain land and interfering with plaintiff's use thereof, it was error to allow plaintiff to show, as bearing on exemplary damages, that during the previous five years she had had trouble with defendant, and that he committed an assault on her about two years before for which he was found guilty in a civil action.

Where it appears on review that the only errors below relate to the damages, the reversal will be limited to that question.

CASE for wilfully and maliciously piling logs on plaintiff's land and interfering with her use and occupation thereof. Plea, the general issue with notice that defendant claimed title to the land and the easement by deed and by prescription. Trial by jury at the December Term, 1912, Orange County, *Stanton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Wallace Batchelder* and *David S. Conant* for the defendant.

*March M. Wilson* for the plaintiff.

WATSON, J. This is an action of trespass on the case to recover damages for wilfully and maliciously piling logs upon

the land of the plaintiff, and for annoying and incommoding the plaintiff in the use and occupation of certain land. Plea, general issue with notice that defendant claimed title to these lands and the easements by deed and also by prescription.

To meet defendant's evidence tending to show a prescriptive title, the court ruled in substance that the plaintiff might show in rebuttal that Eli Camp, the plaintiff's father and her immediate grantor, permitted his wife and his daughter, the plaintiff, then living with him as members of his family, at the house now owned by the plaintiff, to have a flower garden on the land in dispute and to raise flowers there, which they did. This ruling was without error. Had Eli himself thus entered upon and used the land, there can be no doubt that it would have been such an entry, and such acts of ownership, as to enable the defendant, by the reasonable use of diligence, to ascertain the right and claim of Eli, and therefore that it would work an interruption in the running of the Statute of Limitations. The same entry and the same exercise of acts of ownership by his wife and daughter under his authority would have the same legal effect. *Wing, Admr.* v. *Hall,* 47 Vt. 182; *Ingersoll* v. *Lewis,* 11 Pa. St. 212, 51 Am. Dec. 536.

The plaintiff was permitted to introduce evidence showing that she had had trouble with the defendant, her brother, during the last five years; that he committed an assault upon her some two years before this action was commenced, and was prosecuted in civil action and found guilty thereof, for the purpose of enhancing the punitive damages. Was this evidence properly received? is a question before us.

At most the evidence of the assault tended to show a mere general ill-will by the defendant toward the plaintiff. It had no tendency to show malice in the particular case set forth in the pleadings, and consequently the exceptions must be sustained. *Earl* v. *Tupper,* 45 Vt. 275; *Moore* v. *Duke,* 84 Vt. 401. 80 Atl. 194; *Howard* v. *Sexton,* 4 N. Y. 157; *Krug* v. *Pitass,* 162 N. Y. 154, 56 N. E. 526, 76 Am. St. Rep. 317; *Lampert* v. *Judge, etc. Drug Co.,* 238 Mo. 409, 141 S. W. 1095, 37 L. R. A. (N. S.) 533, Ann. Cas. 1913A, 351. Evidence of the assault being inadmissible, this is sufficient, though not the only, reason why the record of the conviction based upon that assault was inadmissible.

Since the only errors below relate to the damages, the reversal will be limited to that question.

*Judgment affirmed except as to the question of damages. and as to that question judgment is reversed and cause remanded.*