**William Gilwee and Lynda Gilwee v. Town of Barre, LaGue, Inc., et al.**

[412 A.2d 300]

No. 96-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*Joseph C. Palmisano,* Barre for Plaintiffs.

*Monte & Monte,* Barre, for Town of Barre.

*Kilmurry & Stone, P.C.,* Montpelier, for LaGue, Inc.

Larrow, J. Defendant Town of Barre appeals from a judgment rendered for plaintiffs-appellees, William and Lynda Gilwee.

Plaintiffs brought an action, sounding in tort, seeking compensation for water damage to their property, and an injunction ordering defendants, LaGue, Inc. and Town of Barre, to correct hillside drainage problems which caused water run-off to flood plaintiffs' basement. Prior to trial, on the Town of Barre's motion, other landowners, situated downhill from plaintiffs' property, were added as party-plaintiffs to this action. V.R.C.P. 19 and 20.

At trial, plaintiffs Gilwee were awarded injunctive relief, the damage issue being disposed of by stipulation of the parties, and defendants were ordered to correct the drainage problems. Defendant LaGue, Inc., being held legally responsible to prevent damage to lower elevation landowners caused by its stripping of natural cover and altering land contours and drainage patterns, was required, among other things, to pave certain ditches and "stabilize," by seeding, vacant lots. Likewise, defendant Town, having a legal duty to maintain its culverts and drainage ditches so as to properly function, was ordered to install larger culverts, shape and line with stone a water course, and at all times, along with defendant LaGue, Inc., keep the culverts and ditches free of excess debris. In its judgment order, the trial court dismissed, without prejudice, the other downhill plaintiffs, concluding that their claims can be as expeditiously and efficiently determined at a separate trial. V.R.C.P. 42 (b).

Defendant Town of Barre appeals from this order and assigns as error (1) the trial court's denial of its motion, made after the close of the evidence, to amend its pleadings, V.R.C.P. 15 (b), to add a cross-claim against defendant LaGue, Inc. for contribution, and (2) the trial court's order dismissing without prejudice the actions of the downhill plaintiffs.

After the close of evidence in this case, defendant Town moved the trial court to amend the pleadings by interposing a cross-claim for contribution against co-defendant and joint tortfeasor LaGue, Inc. The Town alleged that the issue of contribution, though not pleaded, became part of the pleadings because it had been, in fact, litigated at trial. V.R.C.P. 15(b). This motion was denied by the trial court because it was made late in the proceedings, after the trial had ended, and would, therefore, be unfair to defendant LaGue, Inc. to allow without rebuttal. Defendant Town assigns this ruling as error.

■ Without deciding whether this motion to amend was unduly late and thus prejudicial to LaGue, Inc., we uphold the trial court's denial of this cross-claim for contribution against a joint tortfeasor. This Court has long held that there is in Vermont no contribution among joint tortfeasors. *Howard* v. *Spafford*, 132 Vt. 434, 435, 321 A.2d 74, 74 (1974); see *Atkins* v. *Johnson*, 43 Vt. 78 (1870) (intentional tort); *Spalding* v. *Oakes*, 42 Vt. 343 (1869) (neglect to perform legal duty). Defendant Town's motion to amend the pleadings to add a cross-claim for contribution, being without legal support, was properly denied.

■ Even had the record indicated the trial court erred in denying this motion as a matter of discretion, that error would not result in reversal if the record, as here, indicates any legal ground for justifying the result. See *Frost* v. *Tisbert*, 135 Vt. 345, 347, 376 A.2d 748, 751 (1977). A trial court can achieve the right result for the wrong reason. *State* v. *Kelly*, 131 Vt. 582, 588, 312 A.2d 906, 909 (1973); *Fuller* v. *City of Rutland*, 122 Vt. 284, 287, 171 A.2d 58, 60 (1961).

■ Defendant Town asserts, in its second claim of error, that the trial court erred when it dismissed without prejudice the claims of the other plaintiffs, Jones Brothers Company, Montpelier & Barre Railroad Company, Florence and Wilfred Herbert, and City of Barre, all of whom own property located downhill from plaintiffs Gilwee and were joined originally as plaintiffs on motion of the defendant Town.

This ruling of the trial court is somewhat difficult to understand in light of its previous ruling, upon motion, that these added plaintiffs be given separate trials in the main action. But it did find and conclude that their claims, if any (none were ever pleaded before severance), could be "as expeditiously and effectively determined in an independent action." They themselves have not appealed dismissal of their claims.

We find nothing in the record to persuade us that the trial court erred in this respect. The principal trial dealt only with injunctive relief, the original parties having stipulated between themselves as to damages. The added plaintiffs had never, at least in this action, asserted any claim to this type of relief, so that trial of their damages, if claimed, would have inserted a wholly new element into the trial. Nothing in the record demonstrates their claims ("if any," as the court stated) to be equitable in nature.

Moreover, defendant Town has neither briefed nor shown any prejudice to it from the dismissal in question. The scales seem to tip, if at all, in the opposite direction. The added parties were in this action by motion of the Town, not of their own volition. They had brought no actions of their own, and it may well be that they may never do so. The ruling in question may be to the defendant Town's benefit, rather than to its prejudice. Left to their own choice, these added parties could also well decide to sue only the defendant LaGue, Inc., an election to which they are entitled under *Howard* v. *Spafford, supra,* and of which they were deprived by their original joinder as party plaintiffs. If their choice is otherwise, to sue only the defendant Town, that also is an option to which they are legally entitled under *Howard* v. *Spafford, supra.* Reversible error does not appear.

*Judgment affirmed.*