### Jenny Eddins v. David O'Neil

[488 A.2d 1230]

No. 84-200

Present: Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 1, 1985

*David A. O'Neil*, pro se, North Bennington, Defendant-Appellant.

**Per Curiam.** Defendant appeals a judgment entered against him in a small claims proceeding. We affirm.

Defendant, David O'Neil, sublet an apartment which he shared with the plaintiff, Jenny Eddins, for about three and one-half months. Plaintiff brought this action to collect $243.00 from the defendant for what was allegedly his share of certain utility bills and one-half month's rent. Following a hearing, the trial judge issued an order that the defendant owed the plaintiff $203.06 in damages.

■■ On appeal, we must look at the evidence in the light most favorable to the prevailing party, and the effect of modifying evidence must be excluded. *Gilbert* v. *Churchill,* 127 Vt. 457, 462, 252 A.2d 528, 531 (1969). " 'When the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence . . . .' " *LaFlamme* v. *Church,* 143 Vt. 219, 220, 465 A.2d 268, 269 (1983) (quoting *Concra Corp.* v. *Andrus,* 141 Vt. 169, 173, 446 A.2d 363, 365 (1982)).

■■ In the present case, although there was much conflicting evidence, there was sufficient evidence presented to support the trial court's judgment. The plaintiff submitted bills

evidencing the total amount due. The defendant admitted that he owed some money for his share of all the bills. The defendant also admitted that he lived in the apartment during the one-half month for which the plaintiff claimed rent was due. There was also the sworn testimony of the plaintiff which rebutted or denied each of the defendant's defenses and counterclaims. There was thus sufficient credible evidence for the trial court to determine that the defendant owed the plaintiff $203.06. That determination must therefore stand. The defendant's next claim is that he was denied his right to cross-examine witnesses at the trial. Pursuant to D.C.C.R. 80.3(g) (Supp. 1984), however, in a small claims proceeding, "[t]he judge shall conduct the examination of the witness."

 The defendant also alleges that the judgment should be reversed because there was a defect in the manner of service of process. The defendant, however, is precluded from making this claim as " 'all defects of service of process . . . are cured by a full, unrestricted appearance . . . .' " *Howe* v. *Lisbon Savings Bank & Trust Co.*, 111 Vt. 201, 215, 14 A.2d 3, 9 (1940) (quoting *Weed Sewing Machine Co.* v. *Boutelle*, 56 Vt. 570, 572–73 (1884)). The defendant appeared in court to defend himself in this action. Consequently, he waived any claim he may have had regarding a defect in the service of process.

 Finally, the defendant alleges that the trial judge acted with bias in regard to this lawsuit. "[A] claim of 'bias and prejudice on the part of the court must be affirmatively and clearly shown.' " *Cliche* v. *Fair*, 145 Vt. 258, 262, 487 A.2d 145, 148 (1984) (quoting *In re Shuttle*, 131 Vt. 457, 461, 306 A.2d 667, 670 (1973)). The defendant merely alleges bias and fails to demonstrate affirmatively and clearly that any bias existed. Consequently, his claim cannot be sustained.

Sufficient evidence was presented to support the trial court's judgment, and there was no claimed error meriting reversal.

*Affirmed.*