## Ralph Harlow and Claire Harlow v. Seldon Miller and Pearl Miller

[520 A.2d 995]

No. 84-357

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 5, 1986

*Davis, Rounds & Sachs, P.C.*, Windsor, for Plaintiffs-Appellants.

*Fucci, Fucci & Fucci*, White River Junction, for Defendants-Appellees.

**Peck, J.** Plaintiffs appeal the trial court's rejection of their claim to a strip of land based on adverse possession. We affirm.

Plaintiffs raise two issues on appeal. First, they argue that a key finding made by the trial court is not supported by the evidence. Second, plaintiffs contend that the trial court erred in its application of the doctrine of adverse possession by attributing significance to an absence of acquiescence on the part of defendants.

At issue is a strip of land, four feet in width, joining the undisputed portions of plaintiffs' and defendants' respective parcels. Plaintiffs claim that their adverse possession began in 1960, when Claire Harlow (then Claire Miller) and her first husband (defendants' son, Darwin Miller) planted three maple trees on the property in question. There was testimony in the lower court to the effect that plaintiffs have maintained the area since that time, and that this maintenance has included mowing, planting flowers, and paying for professional treatment of the trees. Defendants testified that they informed plaintiffs in 1960 that the trees were planted on defendants' land, and there was also testimony that a son of defendants had mowed the area in subsequent years. In July of 1982, defendants erected a fence along what they asserted to be the true boundary of their parcel. In May of 1983, plaintiffs brought an action in the Windsor Superior Court claiming title to the parcel by adverse possession. The superior court concluded that adverse possession had not been proved because no acquiescence had been established. The action was dismissed, and this appeal followed.

Findings of fact must be reviewed in the light most favorable to the party prevailing below, and the findings will

stand if there is reasonable and credible evidence to support them. *Darken* v. *Mooney*, 144 Vt. 561, 568, 481 A.2d 407, 412 (1984). The effect of modifying evidence will be disregarded. *Id.* Only if the findings are clearly erroneous will this Court set them aside. *Id.*; V.R.C.P. 52(a).

Plaintiffs argue that Finding No. 8 of the trial court is not supported by the evidence. The portion of the finding specifically challenged states: "At the time they were planted, Pearl Miller told Darwin Miller that the trees were on the defendants' land. She also told this to then Claire Miller." Plaintiffs contend that absolutely no evidence was presented to the trial court that could support this finding.

The transcript reveals, however, that defendant Pearl Miller testified at trial as follows:

> Q. When were you aware for the first time that these three trees were on your property?
>
> A. From the time they set them out. I didn't know, and I saw they had some stuff in there, and I told Darwin about it and said you know they're on our land, and he just laughed, and we had an argument from then on.
>
> Q. You ever talk to Claire about this?
>
> A. Yes I have.

This testimony provides credible support for the trial court's finding that Pearl Miller informed Darwin Miller about the ownership of the land at the time they were planted, and we do not consider the finding to be clearly erroneous. Plaintiffs contend that this evidence shows that Pearl Miller did not discuss the problem with Claire until legal proceedings had been initiated. They base their argument on subsequent testimony by Pearl Miller:

> Q. And, you told Claire outright that the trees were on your property?
>
> A. I think I wrote Mr. Rounds [plaintiffs' counsel] a letter on that.

Even if plaintiffs' argument is plausible, this later testimony constitutes modifying evidence; as such, its effect is to be excluded on appeal. *Eddins* v. *O'Neil*, 145 Vt. 364, 365, 488 A.2d 1230, 1230

(1985). We hold that Finding No. 8 is supported by reasonable and credible evidence, and it must stand.

Plaintiffs' second argument on appeal is that the trial court applied the doctrine of adverse possession erroneously because its conclusion was based on plaintiffs' failure to establish acquiescence by defendants. This Court has stated that the "ultimate element in the rise of a title through adverse possession is the acquiescence of the real owner in the exercise of an obvious, adverse, or hostile ownership through the statutory period." *Laird Properties New England Land Syndicate* v. *Mad River Corp.*, 131 Vt. 268, 277, 305 A.2d 562, 567 (1973). Our use of the term "acquiescence" in *Laird* may be misleading, to some degree, because the theory of adverse possession is the antithesis of peaceful acquiescence. See *Warner* v. *Noble*, 282 N.W. 855, 286 Mich. 654 (1938); 2 C.J.S. *Adverse Possession* § 4. In *Laird*, we used the term in its technical, legal sense, referring to the situation where a person fails to enforce a known right. Thus, our requirement of acquiescence by the true owner was merely another way of stating that a claim of adverse possession depends on the true owner's failure to exercise his rights of ownership during the statutory period.

■ Here, although the trial court did not elaborate on its conclusion that acquiescence had not been demonstrated, the court's findings reveal that the doctrine of adverse possession was properly applied. "[A] possession that will work an ouster of the owner must be open, notorious, hostile and continuous for the full statutory period of fifteen years." *Laird, supra*, 131 Vt. at 277, 305 A.2d at 567. It is presumed that the use of land by one who has record title is the exercise of his right to enjoy it, and such use interrupts the continuity of adverse possession by another. *Id.* Here, the trial court found that defendants' son maintained the area in question by mowing the grass periodically. This use of the parcel negated the claim of adverse possession, and the court was correct in ruling for defendants. See *Camp* v. *Camp*, 88 Vt. 119, 120, 92 A. 12, 12 (1914) (maintenance of garden on disputed land by true owner's daughter held to have same legal effect as use by true owner).

■ Even if the lower court misunderstood the concept of acquiescence, a trial court can reach the right result for the wrong reason. *Gilwee* v. *Town of Barre*, 138 Vt. 109, 111, 412 A.2d 300, 301 (1980). In this case, a second ground supports the judgment

below. Where a family relationship between claimants is involved, proof of adverse possession must be established by stronger evidence than is required in other cases. *Bellamy* v. *Shryock*, 211 Ark. 116, 123, 199 S.W.2d 580, 583 (1947); 3 Am. Jur. 2d *Adverse Possession* §§ 202-203. In such a situation, the possession of the land of the one by the other is presumptively permissive and amicable. A claim of adverse possession will succeed only where there is some clear, definite, and unequivocal notice of the adverse claimant's intention to assert exclusive ownership of the property. *Bellamy, supra*, 211 Ark. at 123, 199 S.W.2d at 583. In *Bellamy*, the Supreme Court of Arkansas considered a claim based on the possession of a mother as against her daughter and son-in-law, who resided on an adjoining parcel of land. The only evidence of adverse possession was that the mother had maintained a fence, planted shrubs and flowers, and placed some concrete blocks to prevent erosion of the disputed area. The *Bellamy* court upheld the lower court's determination that such evidence was insufficient to manifest an intention to hold the disputed property adversely. Here, the planting of trees by defendants' son, Darwin Miller, and the later maintenance of the property by the plaintiffs, were not sufficient evidence to carry their heavy burden of proof. Under these circumstances, the trial court's conclusion must be upheld.

*Affirmed.*