## In re Douglas Nash

[556 A.2d 88]

No. 86-373

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed December 23, 1988

Motion for Reconsideration Denied January 12, 1989

*Michael Rose*, St. Albans, for Petitioner-Appellant.

*Jeffrey L. Amestoy, Attorney General*, Montpelier, and *Thomas J. Rushford, Assistant Attorney General*, Waterbury, for Respondent-Appellee.

**Gibson, J.** Petitioner, a prisoner at Windsor Correctional Facility, petitioned the superior court under V.R.C.P. 75, alleging that the conduct of a prison disciplinary hearing had violated his due process right to an impartial hearing under the United States Constitution. At the disciplinary hearing, petitioner was found to have disobeyed an order of a corrections officer to stop smoking

on his bed, and ordered to write a fifty-word essay on why smoking should not be done in bed. The superior court determined that the disciplinary proceeding had complied with the procedural due process requirements of *Wolff* v. *McDonnell,* 418 U.S. 539 (1974), that the record did not support petitioner's claim that the hearing officer was not impartial, and that there was "some evidence" to support the decision. See *Superintendent, Massachusetts Correctional Institution* v. *Hill,* 472 U.S. 445, 455 (1985) ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). For these reasons, the court denied the petition for relief.

■ On appeal, petitioner again argues that his constitutional rights were violated at the disciplinary hearing. In particular, he asserts that the hearing was not an impartial one in that the hearing officer acted as both prosecuting officer and witness. In considering this issue, it is important to keep in mind that a disciplinary hearing is not a criminal proceeding, *Baxter* v. *Palmigiano,* 425 U.S. 308, 316 (1976), and does not carry with it "the full panoply of rights" of a criminal prosecution. *Wolff,* 418 U.S. at 556; see *id.* at 566-70 (disciplinary proceedings are subject to reasonable limitations on calling of witnesses, confrontation, cross-examination; Court "not prepared to hold" that inmates have right to counsel in such proceeding); 28 V.S.A. § 852(b) (subject to reasonable rules, inmate is entitled to be present and heard at the hearing, have opportunity to confront person bringing the charge, have hearing officer summon available witnesses, and be assisted by an assigned employee of the facility in the preparation of his case); see also *Baxter* v. *Palmigiano,* 425 U.S. at 315 (prison inmates do not have right to either retained or appointed counsel in disciplinary hearings). In certain respects, prison disciplinary hearings are analogous to small claims proceedings, where the parties are encouraged to appear without counsel, and the court is expected to conduct the questioning of witnesses. See *Ferris-Prabhu* v. *Dave & Son, Inc.,* 142 Vt. 479, 480, 457 A.2d 631, 632 (1983). So, here, where both the presenter and petitioner were without counsel, it was appropriate for the hearing officer to conduct the questioning of the witnesses. *Auger* v. *Auger,* 149 Vt. 559, 561, 546 A.2d 1373, 1375 (1988) (in " 'adversary trial system, the parties and their counsel have the primary responsibility for

finding, selecting, and presenting the evidence.'") (quoting Mc-Cormick on Evidence § 8, at 14-15 (3d ed. 1984)).

Our review of the merits is limited to deciding whether the court's decision was clearly erroneous. V.R.C.P. 52(a); *Harlow* v. *Miller,* 147 Vt. 480, 482, 520 A.2d 995, 997 (1986). Although the hearing officer conducted most of the questioning of witnesses, we are satisfied from a review of the record that the actions of the hearing officer fell within the "play in the joints of the Due Process Clause," *Wolff,* 418 U.S. at 567, and that the trial court's determination is supported by the evidence. Accordingly, we affirm.

*Affirmed.*

In his motion for reconsideration, petitioner asserts that the Court overlooked his argument that the hearing officer acted improperly in presenting evidence as a witness, thus becoming personally involved in the outcome of the disciplinary proceeding. The evidence in question was a statement made by the hearing officer during the course of the proceedings that he had seen petitioner reading the smoking policy that was posted on the bulletin board. The statement was made while the hearing officer was presiding over the proceedings; at no time was he placed under oath as a witness, nor did he ever take the witness stand.

Petitioner was charged with refusing to obey an order of a staff member of the Windsor Correctional Facility. The evidence indicated that petitioner had been verbally warned against smoking in bed and that, subsequent to the warning, he was seen by a staff member smoking in violation of the order he had received. The hearing officer found that the evidence supported the charge that petitioner had refused to obey an order of a staff member. Thus, whether or not petitioner was seen reading the smoking policy was not a material issue in the proceeding. Further, subsequent to having made the statement to which petitioner objects, the hearing officer stated on the record that he accepted petitioner's representation that he had not seen the written policy prior to the hearing.

Prejudice is not presumed; it must be established by the party claiming it. *State* v. *Tatko,* 119 Vt. 459, 464, 128 A.2d 663, 666 (1957); *State* v. *Bissell,* 106 Vt. 80, 96, 170 A. 102, 109 (1934). It is clear that the statement objected to by petitioner played no part

in the final decision and that petitioner suffered no prejudice from the statement to which he objected.

*The motion for reconsideration is denied.*