**Barbara S. Mouat and Orchard Park, Inc. v. David E. Wolfe and Janice B. Wolfe; Dwight T. Diehl and Karen L. Diehl**

[556 A.2d 99]

No. 87-063

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed January 6, 1989

*Fink & Birmingham*, Ludlow, for Plaintiffs-Appellees.

*Charles R. Eichel*, Manchester Center, and *Joy C. Frank (Of Counsel)*, Dorset, for Defendants-Appellants.

**Morse, J.** This appeal involves breach of a contract for the sale of The Worthy Inn in Manchester, Vermont. The sellers, Barbara Mouat and Orchard Park, Inc., brought suit to recover a $20,000 deposit made by defendants as a down payment to purchase the inn. The defendants brought a counterclaim seeking return of their deposit and damages for various alleged breaches of the contract by plaintiffs. The trial court determined that the defendants breached the sales agreement by failing to close as scheduled and awarded the deposit to plaintiffs. Defendants' counterclaim was dismissed. We affirm.

The agreement in issue, executed September 3, 1984, provided for payment of defendants of $20,000 to be placed in escrow as a down payment on the purchase price of $510,000. It was agreed that the deposit would serve as liquidated damages in the event of defendants' default. A closing date was set for December 1, 1984.

Before the closing date, defendants Dwight and Karen Diehl moved to The Worthy Inn, bringing with them a chef, and began learning the business from plaintiff Barbara Mouat. The existing staff at the inn found other work.

Due to the illness of defendant David Wolfe, all agreed that the closing would be moved to December 6, 1984. Two more postponements of the closing were agreed to, one to December 13 and another to December 17, due to Mr. Wolfe's illness. Defendants

were told that December 17 was the last postponement date that plaintiffs would agree to.

On December 13, the Diehls moved back to their home in Pennsylvania. The December 17 closing date fell through. Plaintiffs were informed that the December 17 closing was impossible because of Mr. Wolfe's continued ill health.

In January, 1985, David Wolfe came to Vermont in an attempt to renogotiate the purchase of The Worthy Inn on terms more favorable than before. He offered to pay $470,000 for the inn, a sum the sellers turned down. Plaintiffs brought this suit in March 1985.

Defendants' central argument is that the sales agreement did not make time of the essence, thereby excusing their failure to close by December 17, 1984. Defendants misunderstand the doctrine of "time being of the essence." It is an equitable doctrine, under which one party's performance within the time specified in the contract is "essential in order to enable him to require performance from the other party." 6 S. Williston, Law of Contracts § 846, at 181 (3d ed. 1962); see *McLean* v. *Windham Light & Power Co.*, 85 Vt. 167, 182, 81 A. 613, 619 (1911). In a land sales contract where time is of the essence, the buyer cannot compel delivery of the deed of conveyance unless payment has been tendered in time. Where time is *not* of the essence, the buyer who tenders payment late *may* bring a suit in equity, depending on the reasonableness of the delay, to compel delivery. See Williston, *supra*, at 183; 3A A. Corbin, Corbin on Contracts § 663, at 178-79 (1960). The doctrine has no significance in an action for damages by the *seller* where the buyer has not tendered payment by the closing date. Here defendants never sought to compel plaintiffs to sell the inn to them. Thus we need not reach the issue whether time is or is not of the essence to this contract. Defendant buyers are in breach of the sales contract, and the only relevant question is whether they have a legitimate defense.

Defendants assert as a defense impossibility of performance. Defendants maintain that Mr. Wolfe was so ill that it was unreasonable to expect that he could close by December 17 either in person or by power of attorney. The trial court, however, found against defendants on this issue. Mr. Wolfe testified that the size of the transaction prompted him not to appoint an attorney to act for him at the closing. The court concluded that Mr. Wolfe was reasonably able to make arrangments to close but chose not

to do so. A review of the record reveals that the court's findings were not clearly erroneous. See V.R.C.P. 52(a); *Harlow* v. *Miller,* 147 Vt. 480, 482, 520 A.2d 995, 997 (1986) (Court will set aside findings only if clearly erroneous). At no time after December 17, 1984, did Mr. Wolfe express a willingness to close, except on terms different from, and more favorable to him than, the original agreement.

■ Finally, defendants challenge the court's dismissal of their counterclaims. The first counterclaim is that defendants incurred expenses as a result of plaintiffs' refusal to further extend the closing date. The trial court correctly determined, however, that plaintiffs were justified in granting no further extensions. The second counterclaim is that plaintiffs breached certain obligations under the contract regarding upkeep of the inn until closing date. This issue was not briefed by defendants and we will therefore not consider it. *Bishop* v. *Town of Barre,* 140 Vt. 564, 579, 442 A.2d 50, 57 (1982).

*Affirmed.*