Barbour v. Wright, No. 679-12-11 Wrcv (DiMauro, J., July 5, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**Windsor Unit**                                          **Docket No. 679-12-11 Wrcv**

**Daniel Barbour**

    **Plaintiff-Appellant**                                  **on appeal from**
                                                          **Docket No. 257-7-11 Wrsc**

**v.**

**Warren Wright**
    **Defendant-Appellee**


## Decision on Small Claims Appeal

Plaintiff Daniel Barbour appeals from a small-claims judgment that defendant Warren Wright did not fraudulently misrepresent the condition of a motorcycle. Plaintiff challenges the findings supporting that ruling, but he also argues that the small-claims judge failed to address his contractual claim for return of refundable amounts paid towards the purchase price of the motorcycle.

The following facts are set forth in the light most favorable to defendant as the prevailing party. *Eddins v. O'Neil*, 145 Vt. 364, 365 (1985). Defendant advertised in several local garages that he was selling a 1989 Yamaha motorcycle in "like new" condition. Plaintiff responded to the advertisement and went to defendant's house to inspect the motorcycle. It had been in storage for some time and so there was some difficulty in starting the motorcycle, but plaintiff saw enough during this visit to agree to purchase the motorcycle, which was apparently a somewhat rare model. Plaintiff paid a $500 "non refundable deposit" towards the purchase price of the motorcycle and defendant wrote out a "bill of sale" that read as follows:

> Bill of Sale 6-14-11
> Sold to Dan Barbour
> one 1989 Yamaha
> 4 cyl motorcycle
> [VIN redacted]
> for $2,500.00
> Sold as is, where is
> Deposit $500.00 non refundable
> Balance due by
>    6-27-11
> Seller /s/ Warren Wright

Buyer /s/ Daniel Barbour
/d/ 6-14-11

Three days later plaintiff returned and paid an additional $1,000 towards the purchase price. He also requested another opportunity to inspect the motorcycle, which was granted. Plaintiff therefore added some gasoline so he could see how it ran, but he spilled some gasoline on the motor while he did this and had to use rags and an air compressor to clean up the spill. The parties thereafter started the motorcycle and let it run for about fifteen minutes, at which point it seemed to be running smoothly, more or less. After plaintiff shut off the engine, however, he noticed moisture dripping from the underside of the fuel tank; the parties disagreed about whether this was actually a leak or whether it was residue from the earlier fuel spill. The disagreement eventually crystalized into a request by plaintiff that defendant either accept a lesser amount for the motorcycle or return his money. Defendant rejected the proposed contract modification and demanded that plaintiff pay the whole amount. Plaintiff responded by filing the present lawsuit.

At the merits hearing, the parties presented sharply conflicting testimony about whether the gas tank had actually been leaking. The small-claims court did not directly resolve that conflict, but rather ruled that there had been no misrepresentations about the motorcycle because (1) the sale of the motorcycle was "as is, where is"; and (2) even if the gas tank was leaking, defendant did not know about it at the time the representations were made. In other words, the small-claims court treated the cause of action as one for fraud and entered judgment for defendant on that claim.[1] See *Sugarline Assocs. v. Alpen Assocs.*, 155 Vt. 437, 444 (1990) (explaining that fraud requires proof that the seller knew about the defective condition at the time of sale). After entering judgment, the small-claims judge acknowledged that his ruling did not necessarily resolve all of the issues between the parties.

One of the issues left unresolved was plaintiff's desire to back out of the deal. Plaintiff had requested in his complaint that he get his "money back," and he clarified at the hearing (and at oral argument) that he was referring to a return of the $1,000 that he had paid towards the purchase price of the motorcycle above and beyond the $500 "non refundable deposit." As plaintiff argues, a prospective purchaser of a motorcycle may indeed back out of a contract for the purchase of a motorcycle at any time prior to the actual transfer of title so long as the purchaser is willing to accept the economic

---

[1] Defendant has challenged the credibility determinations supporting the judgment for defendant on the fraud claim. As was explained at oral argument, however, it is not the role of the appellate court to reconsider the credibility determinations that were made by the trial judge, who was in a better position to evaluate the credibility of the testimony as it was given. The role of the appellate court is instead limited to determining whether there was any testimony presented at the hearing that would have supported the findings made by the trial court. Here, the findings were supported by defendant's testimony.

2

consequences of his repudiation of the contract.[2]  9A V.S.A. § 2-610.  In most cases, the consequences of repudiation are that the seller may recover the difference between the contract price and the current fair market value of the item in question, plus incidental damages.  9A V.S.A. §§ 2-708(1) & 2-710; *SEC America, LLC v. Marine Elec. Sys., Inc.*, 2011 VT 125, ¶ 12; see also 2 Hawkland UCC Series §§ 2-708:1 & 2-708:2 (explaining that a few other modifications to the calculation of damages are possible in circumstances other than those present in this case).

In this case, however, a calculation of damages under U.C.C. § 2-708 is unnecessary because the parties agreed to a $500 "non refundable deposit" with the balance of the contract due within two weeks.  Although not expressly framed as such, the clear implication of the "bill of sale" was that defendant could keep the $500 as a pre-determined, "non refundable" amount of damages in the event that plaintiff backed out of the deal.[3]  In other words, the "non refundable deposit" is best characterized as a liquidated-damages provision.[4]  *Renaudette v. Barrett Trucking Co., Inc.*, 167 Vt. 634, 635 (1998) (mem.); *Highgate Assocs., Ltd. v. Merryfield*, 157 Vt. 313, 316 (1991); *New England Educ. Training Serv., Inc. v. Silver Street P'ship*, 156 Vt. 604, 613 (1991).

Having made an attempt to estimate the amount of damages that would be the likely consequence of a breach, plaintiff is not entitled to retain more than the $500 "non refundable deposit."  See 24 Williston on Contracts § 65:1 (4th ed.) (explaining that a non-breaching party may recover the liquidated damages identified in the contract "in lieu of the compensatory contract damages to which the nonbreacher would otherwise be entitled").  In this case, therefore, defendant is entitled as a matter of law to keep the $500 non-refundable deposit, but he is not entitled to retain any additional amounts.  He must return the additional $1,000 that plaintiff paid towards the purchase price before repudiating the contract.

---

[2] One area of confusion with this case is the proper identification of the agreement that the parties captioned as a "bill of sale."  It was not an actual bill of sale because the parties had not yet agreed to transfer title to the motorcycle.  It was instead a contract to sell the motorcycle at a later date, namely, the date on which the full purchase price was paid.  See 9A V.S.A. § 2-106 (distinguishing sales from contracts to sell).

[3] The small-claims court's findings on the "as is" nature of the contract are sufficient to support a conclusion that plaintiff was not justified in repudiating the contract or rejecting the motorcycle.  See 9A V.S.A. § 2-316(3)(a) (explaining that all implied warranties of fitness may be excluded by an expression that the good is being sold "as is").

[4] Plaintiff has not argued that the liquidated-damages provision is unreasonable.  It is in his economic interest not to, however, because plaintiff's own testimony and evidence suggests that the fair market value of the motorcycle is much less than what he offered to pay, and thus defendant's damages under the U.C.C. § 2-708 calculation might exceed $500.

The small-claims court should have addressed plaintiff's contractual claim because it was fairly raised in the complaint and the remedy was requested at the merits hearing. Moreover, it is economically efficient: allowing the contractual issue to linger beyond this lawsuit would have effectively either forced plaintiff to purchase the motorcycle at a price he is no longer willing to pay or allowed defendant to retain damages in an amount that exceeded the parties' bargain. The better outcome is to enforce the expectations held by the parties at the time they agreed upon the purchase and sale of the motorcycle.

For the foregoing reasons, plaintiff has established as a matter of law that he is entitled to contractual damages in the ascertainable amount of $1,000. Because the ruling is made as a matter of law, there is no need for additional findings or further consideration by the small-claims court. The judgment of the small-claims court is therefore reversed, and the matter is remanded to the small-claims court with directions to enter judgment in favor of plaintiff in the amount of $1,000 plus court costs in the amount of $183.75 ($78.75 for the complaint and $105 for the appeal), for a total judgment of $1,183.75.

## ORDER

For the foregoing reasons, the judgment of the small claims court filed November 15, 2011, in Docket No. 257-7-11 Wrsc, is *reversed*, and the matter is *remanded* to the small-claims court with directions to enter judgment in favor of plaintiff in the amount of $1,000 plus court costs of $183.75, for a total judgment of $1,183.75.

Dated at Woodstock, Vermont this _____ day of June, 2012.

_____
Theresa S. DiMauro
Superior Court Judge